## GOULD et. v. GERKEN.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2062. Decided Nov. 13, 1928.

Tyler, McMahon, Smith & Wilson and P. R. Taylor, Toledo, for Gould.
Fraser, Hiett, Wall & Effler, Toledo, for Gerken.

20

The record shows the following state of facts: An action was begun in the court of common pleas by John D. Gerken against Harry M. Gould to recover damages growing out of a contract for the sale of all the corporate stock of The Marshall-Gerken Company. Counsel for the defendant conceived the idea that his client had some equitable defense which could not be set up in that action, and thereupon brought a suit in which he sought an injunction and equitable relief. A temporary injunction was granted restraining the prosecution of said suit for damages, and the injunction bond in question was executed, delivered and filed in the injunction action, with Harry M. Gould, Aaron J. Gould and the United States Fidelity & Guaranty Company as sureties. The sole question involved in the trial of the action upon the injunction bond in the court below was the fair value of such legal services as were reasonably necessary to secure a dissolution of the injunction. The right to recover in such case would be limited by any agreement which counsel may have had for the services performed, but regardless of such contract counsel could not recover more than the reasonable value of such services. The injunction granted became effective at the time of the filing of the bond on March 7, 1927 and was dissolved March 12, 1927. The evidence shows that considerable time was spent by counsel for the defendants in the injunction case between the time of the filing of the bond on March 7th and the dissolution of the injunction on March 12th. The only question involved was whether or not a defendant in a civil action could set up an equitable defense. There was no dispute as to the facts. In determining whether or not the amount of the verdict and judgment is excessive, we must consider not what services were rendered but what services were reasonably necessary to secure the dissolution of the injunction. The law on the question whether or not an equitable defense can be set up in a civil action under the code of civil procedure is a fundamental one and easily ascertained by a member of the bar by turning to **Section 11315, G. C.,** which. in so far as it bears upon the question in hand, reads as follows:

"The defendant may set forth in his answer as many grounds of defense, counterclaim or setoff as he may have, whether such as heretofore have been denominated legal or equitable or both."

The terms of this provision are plain and unequivocal. Under the civil code of procedure there is but one form of action, which is known as a civil action. **Sec. 11238, G. C.** Distinctions between actions at law and in equity are abolished, although the relief sought may be a money judgment or may be equitable in its nature or both. One of the purposes of the code of civil procedure was to prevvent a multiplicity of suits and to permit the setting up of a defense of an equitable nature in a civil action.

The only services claimed to have been rendered toward the dissolution of the injunction was the time spent in the ascertainment of the law upon this question, and the half day spent in court in the hearing upon the motion for dissolution. Under the circumstances we are of the unanimous opinion that the verdict is so excessive that it appears to have been given under the influence of passion and prejudice.

We find no other error apparent upon the face of the record. For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Richards and Lloyd, JJ., concur.