HERMANN, CAHN & SCHNEIDER, APPELLEE, *v.* VINY, APPELLANT.

(No. 52793—Decided October 13, 1987.)

*Timothy McCormick,* for appellee.
*Thomas Repicky,* for appellant.

PRYATEL, P.J. This matter is an appeal from the trial court's determination in favor of plaintiff-appellee Hermann, Cahn & Schneider[1] ("appellee") in an action against defendant-appellant Louis Viny ("appellant") for failure to pay for legal services rendered. The facts, as presented to this court, are set forth below.

Appellant retained appellee law firm to perform various legal services on his behalf as well as on behalf of certain business entities in which he had an interest. Payment for these services was agreed to be either a contingency fee or based on an hourly rate, depending upon the nature of the work. After the termination of the attorney-client relationship, appellee brought the underlying action to recover payment for services rendered as well as unreimbursed expenses.

At trial, the parties stipulated that $65 per hour was a reasonable rate to be charged by the firm for services. Appellee presented evidence to the court that it had sent various correspondences and statements to ap-

---

[1] Incorrectly denominated as "Gary D. Hermann" in appellant's brief.

pellant requesting payment, which the latter denied ever receiving. The testimony at trial, however, was uncontroverted that appellant made no payments to appellee for services rendered.

The matters upon which appellee bases its claims were detailed, as follows, in the testimony of Gary D. Hermann[2] and the exhibits presented into evidence by appellee.

*26th Street Corporation matter.* Appellant retained appellee on a twenty-five percent contingency fee basis on behalf of 26th Street Corporation to recover damages sustained as a result of a fire loss. Appellant also agreed to reimburse appellee for all expenses incurred. Appellee achieved a $2,500 settlement with one defendant, on appellant's behalf. Hermann further testified that he would have been able to negotiate favorable settlements on behalf of appellant with the remaining defendants had appellant fully cooperated with him and permitted him to continue handling this matter. Appellee presented evidence that the reasonable fee for appellee's services, based on an hourly rate of $65 per hour, was $11,498.50. The firm also incurred $1,334.67 in unreimbursed expenses.

*Cole National Corporation matter.* Appellee was retained by appellant to file an action against Cole National Corporation, with respect to property he owned in a holding trust, with Cleveland Trust serving as trustee, to recover damages for alterations performed in violation of a lease agreement. Appellant was to pay a twenty-five percent contingency fee plus all expenses incurred. Upon the termination of the attorney-client relationship, appellee had not negotiated a settlement. Hermann's testimony indicated his belief that this was a collectible matter. Appellee presented testimony as well as relevant exhibits to substantiate its claim that appellant owed $4,418.85, representing legal services rendered and costs.

*Harris Drug matter.* Appellee was retained to represent Clark Bridge Terminals, an entity owned by appellant, on a twenty-five percent contingency fee basis, for rent due from Harris Wholesale Drug Company. Appellee obtained collection in the amount of $1,083. Appellant never paid appellee its twenty-five percent fee.

*26th Street Corporation/corporate matter.* Appellee was retained to perform corporate work, including the amending of articles of incorporation. Appellee billed appellant for said services, at an hourly rate of $65, in the amount of $474. Appellee further presented evidence at trial that the proper bill should have been for $518.50.[3]

*Foster-Kleiser matter.* Appellee was retained to evaluate a lease with a company known as Foster-Kleiser on an hourly basis. Unpaid legal fees amounted to $338 plus $3.10 in unreimbursed expenses.[4]

*Protective Chemicals matter.* Appellee was retained to pursue a collection matter against Protective Chemicals, Inc. on a twenty-five percent contingency fee arrangement plus reimbursement for all expenses. Protective Chemicals, Inc. extended a settlement offer of $200 which was rejected by ap-

---

[2] Gary D. Hermann, partner at appellee law firm, was appellant's personal attorney and was allegedly retained to provide the services as set forth.

[3] Hermann testified that the proper computation of the bill is as follows:

2.9 hours at $65 = $188.50
4.4 hours at $75 = $330.00

Total fee    $518.50

[4] 5.2 hours at $65 = $338.

pellant. Hermann testified that appellant failed to cooperate with appellee in pursuing the matter further. Evidence was presented that the value of appellee's services, based on the time spent on the file, was $572.98.[5]

Appellant took the stand and testified as to these matters as follows:

*26th Street Corporation matter.* Appellant admitted that he retained appellee's services in regard to this matter. Other than the $2,500 settlement, no other offers were made by any other defendants. Appellant further denied receiving any bills, statements or correspondences from appellee. Appellant stated that he never received the $2,500 settlement draft.

*Cole National Corporation matter.* Appellant admitted that he retained appellee on a twenty-five percent contingency fee basis to recover for damages sustained to leased property as a result of unauthorized alterations which were allegedly made by the lessee. Appellee recovered nothing on appellant's behalf regarding this claim.

*Harris Drug matter.* Appellant denied that he retained appellee regarding this matter.

*26th Street Corporation/corporate matter.* Appellant denied authorizing appellee to perform services regarding this matter.

*Foster-Kleiser matter.* Appellant denied retaining appellee on this matter.

*Protective Chemicals matter.* Appellant admitted that he retained appellee on a twenty-five percent contingency fee basis to recover unpaid rent from Protective Chemicals in the amount of $600 to $700. Protective Chemicals made a settlement offer of $200 which appellant declined. Appellant never recovered anything in this matter.

Upon reviewing the testimony of Gary Hermann and appellant, as well as the extensive exhibits admitted into evidence, the trial court issued findings of fact and conclusions of law and awarded judgment as follows:

1. *26th Street Corporation matter.* Judgment awarded in favor of plaintiff against defendant and 26th Street Corporation in the amount of $12,874.72 with respect to the fire loss claim.[6]

2. *Cole National Corporation matter.* Judgment in favor of plaintiff against defendant and Cleveland Trust in the amount of $4,418.85.

3. *Harris Drug Company matter.* Judgment awarded in favor of plaintiff against defendant and Clark Bridge Terminals in the amount of $221. This amount represents the twenty-five percent contingency fee of $1,083 which was recovered.

4. *26th Street Corporation/corporate matter.* Judgment awarded in favor of plaintiff against defendant and 26th Street Corporation in the amount of $518.50.

5. *Foster-Kleiser matter.* Judgment awarded in favor of plaintiff against defendant in the amount of $341.10.

6. *Protective Chemicals matter.* Judgment awarded in favor of plaintiff in the amount of $54.48. Although based on a theory of *quantum meruit* (appellee's services were valued at

---

[5] 
| | |
|---|---|
| 2.7 hours at $75 per hour = | $202.50 |
| 6.1 hours at $60 per hour = | $366.00 |
| Total fee | $568.50 |
| Office expenses | 4.48 |
| | $572.98 |

[6] The trial court made a computational error in that the sum of the fee for services ($11,498.50) and expenses ($1,334.67) is actually $12,833.17.

$568.50), the court concluded that recovery in excess of $200 was unlikely. Thus, this amount represents twenty-five percent of the $200 appellee could have collected, plus reimbursed expenses.

The court further awarded plaintiff ten percent interest, per annum, pursuant to R.C. 1343.03.[7]

Appellant filed this appeal citing the following as his assignment of error:

"The trial court erred to the prejudice of defendant-appellant by finding that plaintiff-appellee proved by a preponderance of the evidence that plaintiff-appellee was entitled to recover attorney fees from defendant-appellant in the amount of eighteen thousand four hundred twenty-eight dollars and sixty-five cents ($18,428.65)."

Appellant further divided his arguments into two subcategories which this court will follow in its analysis:

"I. An attorney handling collection cases on a contingency fee basis is not entitled to fees if he withdraws from the cases without collecting on the accounts within a reasonable time and fails to prove that the accounts are collectible."

The attorney-client relationship is consensual in nature and actions of either party will affect its continuance. *Brown* v. *Johnstone* (1982), 5 Ohio App. 3d 165, 167, 5 OBR 347, 349, 450 N.E. 2d 693, 695. As noted in *Brown*, "conduct which dissolves the essential mutual confidence between attorney and client signals the termination of the professional relationship." *Id.* at 166, 5 OBR at 349, 450 N.E. 2d at 695. Here, there is no dispute that the attorney-client relationship between appellant and appellee terminated.

The general rule provides that where an attorney is discharged with cause, he is not entitled to compensation; where the attorney is discharged without cause, he is entitled to compensation based either on the stated agreement or upon the theory of *quantum meruit*. *Rosenberg* v. *Calderon Automation, Inc.* (Jan. 31, 1986), Lucas App. No. L-84-290, unreported, citing at 10 to *Law Offices of Stockler, PC.* v. *Semaan* (1984), 135 Mich. App. 545, 550, 355 N.W. 2d 271, 273-274; *Teichner* v. *W & J Holsteins, Inc.* (1985), 64 N.Y. 2d 977, 489 N.Y. Supp. 2d 36, 478 N.E. 2d 177.

Both parties cite to *Scheinesohn* v. *Lemonek* (1911), 84 Ohio St. 424, 95 N.E. 913, as controlling upon an attorney's right to recovery upon termination of the attorney-client relationship. In *Scheinesohn,* plaintiff-attorney was retained by defendant on a contingency fee basis on a collection matter. The issue before the court was the measure of damages, if any, to which an attorney is entitled upon the termination of the attorney-client relationship. Citing to *French* v. *Cunningham* (1898), 149 Ind. 632, 635, 639, 49 N.E. 797, 798, 799, the court noted as follows at 432-433, 95 N.E. at 915:

" 'It is well settled that, where the complete performance of an attorney's service had been rendered impossible, or otherwise prevented, by the client, the attorney may as a rule recover on a *quantum meruit* for the services rendered by him' citing numerous authorities. Also, that, 'if the compensation agreed upon is·contingent on the successful result of the suit, the measure of damages is not the contingent fee, but the reasonable value of the services rendered,' citing additional authorities. The court adds: '*But, whatever may be the rule as to other contracts, the rule as to contracts*

---

[7] The court awarded judgment in favor of defendant as to other claims contained in the complaint, which were not pursued at trial.

*employing attorneys is as we have shown, that if the same is broken by the client the attorney may recover on a* quantum meruit *for the reasonable value of the services, or he may sue on the contract and recover damages for its breach.*' The latter observation seems to have in view the loss by the attorney of whatever value there is in the contract and to indicate that he may, by a suit for the breach, recover whatever damage he can prove he suffered including the loss of a valuable contract." (Emphasis supplied.)

Appellant cites to *Scheinesohn* to support his argument that appellee's recovery should be limited to the terms of the contract. Thus, it is his contention that in a contingency fee arrangement, absent recovery, the attorney is entitled to no remuneration. The rule of law is succinctly stated in *Scheinesohn* as follows:

"* * * [T]he majority of the court is led to the conclusion that a cause of action accrued to plaintiff, for breach of contract, so soon as the claim was wrongfully taken out of his hands. If, then, at the trial, he established that the account was a collectible claim, a right to recover followed, and that right did not depend at all on whether the claim was afterward in fact collected by some one else." *Id.* at 435-436, 95 N.E. at 915-916.

Appellant contends that the trial court erred in granting judgment for appellee because appellee failed to adequately prove that the accounts were collectible and that it acted on these accounts within a reasonable time. It is well-settled law in Ohio that judgments supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence. *Cannell* v. *Bulicek* (1983), 8 Ohio App. 3d 331, 335-336, 8 OBR 441, 446, 457 N.E. 2d 891, 897. Upon this court's careful review, we find sufficient evidence to support the trial court's decision regarding appellee's right to recover under a theory of *quantum meruit.* The record from the lower court reflects that it did consider the collectibility of the claims as a factor when awarding damages. The award in the Protective Chemicals matter, for example, was limited to a percentage of what *could have been* recovered as opposed to recompense on an hourly rate.

Appellant states as the second relevant issue to the assignment of error as follows:

"II. An attorney must prove by a preponderance of the evidence that the fees charged for legal services rendered to a client are reasonable before the attorney is entitled to recover the fees under a theory of *quantum meruit.*"

It is well-settled in Ohio that after the establishment of the fiduciary relationship, the attorney maintains the burden of establishing the fairness and reasonableness of his fees. *Jacobs* v. *Holston* (1980), 70 Ohio App. 2d 55, 59, 24 O.O. 3d 72, 74, 434 N.E. 2d 738, 741.

In his discussion, appellant contests the reasonableness of the lower court's award on two separate grounds. First, appellant questions the hourly rate charged by appellee. He contends that "no evidence was presented that it was reasonable to charge sixty-five dollars ($65) per hour for services rendered by law clerks and paralegals employed by Hermann." However, prior to the commencement of the trial, the parties stipulated on the record to the reasonableness of a $65-per-hour fee for appellee *law firm*:

"MR. HERMANN: I will stipulate to almost anything as relates to these records. I would like to get upon the record the fact that we agreed to the stipulation, the fact that $65 an hour for services rendered *by our firm*

would be reasonable at the time the services were rendered.

"MR. REPICKY: We will stipulate as to the $65 per hour figure, that's correct."

Thus, appellant's arguments regarding the judgments awarded to appellee are valid to the extent that they apply only to those matters which were billed out at a rate in excess of $65 per hour. Since appellee presented no evidence to support a billing rate in excess of $65 per hour, this court limits appellee's recovery to that amount.

Appellant's second contention regarding the lower court's award is that appellee failed to adequately prove the reasonable value of the services rendered. Appellant cites *Watters* v. *Love* (1965), 1 Ohio App. 2d 571, 578, 30 O.O. 2d 595, 599, 206 N.E. 2d 39, 45, to support the proposition that reasonable attorney fees must be based upon the actual services performed by the attorneys as well as the reasonable value of those services as determined from the evidence, which must substantiate the award of fees as reasonable.

This court has sought to establish a standard of objectivity in determining the awarding of attorney fees. *Jackson* v. *Cleveland* (Apr. 9, 1981), Cuyahoga App. No. 42826, unreported. A simple multiplication of hours by a minimum hourly fee is not by itself a proper method to determine such charges. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894. Testimony as to the necessary and reasonable value of services by an attorney engaged in a similar area of practice will corroborate an attorney's claim for fees. *Jackson, supra.* See, also, *Gray* v. *Dachman* (June 16, 1983), Cuyahoga App. No. 45774, unreported, wherein this court upheld the lower court's ruling due to the substantial evidence presented through documentary and expert testimony.

Although appellee presented no independent expert testimony regarding the reasonableness of the services performed on behalf of appellant, it is equally clear that appellant made no attempt to contact appellee to express his dissatisfaction during the tenure of their attorney-client relationship. The evidence indicates that appellee constantly kept appellant apprised of the status of the legal matters being handled on his behalf. Moreover, appellee produced as exhibits copies of several statements which were sent to appellant. However, prior to the underlying action, appellant never contacted appellee to express his dissatisfaction with the methods by which he was being represented or with the amount of money for which he was being billed.

Finally, appellant cites *Gould* v. *Gerken* (App. 1928), 7 Ohio Law Abs. 19, in his attempt to convince this court that the lower court's decision should be reversed. In *Gould,* the court reversed a lower court's award of $1,000 to plaintiff as it was "so excessive that it appears to have been given under the influence of passion and prejudice." *Id.* at 20.

Upon review of the record, there is no indication that the trial court's decision was rendered "under the influence of passion and prejudice." Rather, the evidence indicates that appellant was constantly kept apprised of the developments and activities in each case and could have voiced his dissatisfaction at an earlier time.

A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by an appellate court as being contrary to the weight of the evidence. *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

Therefore, we find the assignment of error not well-taken and affirm the trial court's granting of judgment in

138

favor of plaintiff. As to the issue of damages we find as follows:

1. *26th Street Corporation matter.* The trial court's award of $12,874.72 should be changed to $12,833.17.[8]

2. *Cole National Corporation matter.* The trial court's award of $4,418.85 should be changed to $4,189.35 representing fees based on time charges submitted as plaintiff's exhibit 19 and costs submitted as plaintiff's exhibit 46.[9]

3. *Harris Drug Company matter.* Judgment in favor of plaintiff in the amount of $221 is affirmed.

4. *26th Street Corporation/corporate matter.* Judgment to be reduced to $474.

5. *Foster-Kleiser matter.* Judgment in favor of plaintiff in the amount of $341.10 is affirmed.[10]

6. *Protective Chemicals matter.* Judgment in favor of plaintiff in the amount of $54.48 is affirmed.

*Judgment accordingly.*

ANN MCMANAMON and DYKE, JJ., concur.

---

[8] In oral argument appellant acknowledged responsibility for any award for legal fees against Cleveland Trust.

[9] 63.70 hours at
| $65 per hour = | $4,140.50 |
| Office expenses | 48.85 |
| Total fee | $4,189.35 |

[10] These awards represent the number of hours of work performed by appellee multiplied by an hourly rate of $65 an hour.