## McClarty v. Herzog
*[Cite as 5 AOA 128]*

Case No. 57238, 57283
Cuyahoga County, (8th)
Decided July 12, 1990

*John Valenti, Esq., Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115, for Sylvester McClarty.*

*Arnold Herzog, Esq., 16555 Wren Road, No. 1A, Chagrin Falls, OH 44022, for Arnold Herzog.*

MATIA, P.J.

Defendant-appellant, Arnold Herzog, appeals from the judgment entered on a jury verdict by the Cuyahoga County Court of Common Pleas in favor of plaintiff-appellee, Sylvester McClarty. Additionally, Mr. McClarty has filed a cross-appeal contesting the trial court's denial of prejudgment interest. The two appeals have been consolidated for review.

### I. THE FACTS, GENERALLY

This is an attorney malpractice case. On August 24, 1981 appellee McClarty was injured during his employment at General Motors Corp., leaving him disabled. Shortly thereafter, appellee hired appellant Herzog, on a contingent fee basis, to represent him in attaining worker's compensation pursuant to Chapter 4123 of the Ohio Revised Code. Appellant filed an applica-

tion on behalf of appellee, and appellee began to receive worker's compensation benefits for his temporary total disability in September of 1981. In November of 1981, however, General Motors ceased making such payments, and appellee told appellant of this fact.

In December of 1981, General Motors filed a motion to terminate appellee's temporary total disability benefits, attaching a medical report in support. On March 10, 1982, a hearing on such motion was held before a district hearing officer, who awarded appellee temporary total disability compensation from November 19, 1990 to May 1, 1982. General Motors appealed this award at various levels during 1982 and 1983 and hearings ware held before the Cleveland Regional Board of Review and Staff Hearing Officers of the Industrial Commission. Ultimately, the case was sent back to the district hearing officer and, on January 9, 1985, more than three years after General Motors originally filed its motion to terminate benefits, a hearing was held.

At this January 9, 1985 hearing the district hearing officer denied appellee compensation for the period from July 1, 1982 to January 9, 1985, since the medical evidence was insufficient, there being no definite ending date for appellee's disability. This evidence was readily available to appellant, according to Dr. McLaughlin, the examining physician. Two days after the January 9, 1985, hearing appellant had appellee undergo a reexamination by Dr. McLaughlin and a new report was prepared containing a definite ending date of disability. This medical report was filed with the Industrial Commission on January 31, 1985, along with a motion to extend temporary total disability compensation. Appellant did not, however, file a notice of appeal of the district hearing officer's decision of January 9, 1985. General Motors did appeal such decision to the Cleveland Regional Board of Review, which affirmed the district hearing officer in all relevant respects No one appealed this May 21, 1985 decision of the Board of Review, and so it became final twenty days after notice was sent to the parties.

On October 7, 1985, the district hearing officer ordered, with respect to the motion filed by appellant on January 31, 1985, that appellee should receive temporary total disability benefits for the period from January 10 through April 11, 1985, but denied such compensation for the period from July 1, 1982 through January 9, 1985. While appellant did file a notice of appeal from this denial, it was ultimately held by the

Staff Hearing Officers on March 19, 1987, that the matter was *res judicata,* since it had been previously litigated and not appealed. The Staff Hearing Officers did, however, grant temporary total disability for the period from January 10, 1985 through May 31, 1987.

In short, appellee received temporary total disability compensation from the date of injury through June 30, 1982 and from January 10, 1985 through the time of the trial of the instant action. Appellee did not receive temporary total disability compensation for the same injury for the period from July 1, 1982 through January 9, 1985. The jury believed that the denial of such compensation was the proximate result of appellant's negligence, since the denial occurred due to the lack of sufficient medical evidence, which evidence was readily available to appellant at all relevant times. Moreover, the denial of compensation was the proximate result of appellant having failed to file a notice of appeal pursuant to R.C. 4123.516 in order to properly dispute the district hearing officer's determination, and appellant's failure to file a notice of appeal from the Regional Board of Review's affirmance of thee district hearing officer's determination.

Appellee terminated his employment relationship with appellant by letter dated May 30, 1986, and retained the services of attorney Mark Fishman on June 10, 1986. Mr. Fishman testified as an expert witness at trial, stating that in his opinion appellant's failure to present the requisite medical evidence to the district hearing officer and the Regional Board of Review, in addition to his failure to appeal the determinations of such offices, fell below the standard of care owed by attorneys practicing before the Industrial Commission, and proximately resulted in the aforementioned denial of disability benefits.

The jury returned a unanimous verdict for appellee on his complaint in the amount of $36,260.68. The jury also returned a unanimous verdict for appellee on appellant's counterclaim for attorney's fees. Notice of appeal was timely filed by both parties.

## II. NOTICE OF APPEAL

In his first assignment of error, appellant contends:

"THE COURT COMMITTED PREJUDICIAL ERROR IN CHARGING THE JURY THAT A PARTY WHO DOES NOT FILE A NOTICE OF APPEAL CANNOT CONTEST A DISTRICT HEARING OFFICER'S DECISION AND

THAT THE REGIONAL BOARD OF REVIEW DID NOT HAVE THE POWER TO REVERSE PARTS OF THE DISTRICT HEARING OFFICER'S DECISION NOT CONTESTED BY THE EMPLOYER."

Appellant contests the same portion of the trial court's charge to the jury in his tenth assignment of error:

"THE COURT COMMITTED PREJUDICIAL ERROR IN CHARGING THE JURY THAT DEFENDANT WAS NEGLIGENT AS A MATTER OF LAW."

And in his eleventh assignment of error, appellant argues:

"THE COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING DEFENDANT'S MOTION FOR NEW TRIAL AND OR JUDGMENT N.O.V."

Essentially, appellant argues that the trial court misstated she law when it charged the jury as follows:

"Ladies and gentlemen of the jury, I will instruct you' that it is the law in Ohio with respect to the appeal of a decision of a district hearing officer to the regional board of review, that the party who does not file a notice of appeal cannot contest the aspects of the hearing officer's decision that are not raised by an opposing appeal. The regional board had the power to consider only the grievances against the hearing officer's decision that were raised by the party appealing. That's General Motors.

"Although it could consider evidence on such issues that were presented by any party, the evidence could only relate to the issues that were being raised by the appealing party. The regional board of review did not have the power to reverse parts of the hearing officer's order that were not contested by the appealing' employer and for which the claimant had not filed a notice of appeal.

"Since the -- an attorney practicing before the Industrial Commission is required to know and follow the law and procedures of the Industrial Commission, any failure to file a notice of appeal from the January 9, 1985 district hearing officer's order would in fact fall below the standard of ordinary care owed by the lawyer to the Plaintiff.

"So you are instructed that as a matter of law, that because the Defendant failed to file the notice of appeal, the Plaintiff has forever lost his right to appeal that decision, denying him benefits for the period of July 1, 1982 through January 9, 1985." (Tr. 506-507).

Appellant cites the same three cases in support of his first, tenth and eleventh assignments of error, arguing that a given party need not file a notice of appeal in order to contest adverse portions of a hearing officer's decision if another party in this case General Motors, has filed such notice. That is, appellant contends that a single notice of appeal opens all issues for review. The three cases cited by appellant are:

"(1) *State ex rel. Gibson v. Industrial Commission* (Feb. 24, 1987), Franklin App. No. 8SAP-667, *affd. on other grounds*, at 39 Ohio St. 3d 319; (a mandamus action wherein the tenth district appellate court held that in an appeal to the Industrial Commission from an order of a Regional Board of Review, the Industrial Commission may review all aspects of such order, 'despite the fact that only one of the parties have filed an appeal and portions of the order pertaining to the subjects of appeal are favorable to the appealing party.');

"(2) *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.* (1981), 1 Ohio App. Id 132 (wherein the same appellate court ruled that the jurisdiction of the Industrial Commission where an application for reconsideration of *its own* decision has been filed is not limited to only those parts of the award specified in the motion); and *State ex rel McMillan v. Indus. Comm.* (1961), 172 Ohio St. 2d 288 (denying a writ in prohibition by distinguishing 'appeals from administration agencies to courts' from 'interdepartmental appeals'). None of these cases squarely addresses the issue of whether a notice of appeal from the decision of a district hearing officer to a regional board of review opens *all* issues for review, and not just those issues adverse to the appealing party. The unreported appellate case cited by appellant is not binding on this court, and is apparently contradictory to the Ohio Supreme Court's recent ruling in the mandamus action of *State ex rel. Stafford v. Indus. Comm.* (1989), 47 Ohio St. 3d 76, wherein the court affirmed the denial of mandamus relief for the stated reason that the appellant therein had failed to file an interdepartmental notice of appeal."

The general rule is that a party who does not file a notice of appeal "cannot oppose the final judgment on appeal, or attack it to enlarge his own rights or lessen the rights of his adversary," despite the fact that the adversary has filed a notice of appeal. *Kaplysh v. Takieddine* (1988), 35 Ohio St. 3d 170, at 175; see also *Weir v. Gillespie* (1985), 26 Ohio App. 3d 48; *Loewenstine v. Delta Air Lines, Inc.* (1982), 7 Ohio App. 3d

185. The proper procedure for appealing the determination of a district hearing officer of the Ohio Industrial Commission is plainly set forth at R.C. 4123.516 and Ohio Adm. Code 4123-3-18(A), both of which require the filing of a "notice of appeal." More specifically, Ohio Adm. Code 4123-3-16(B) clearly states that "[i]n no event should a motion be used as a substitute for an appeal."

There is no indication that the legislature or the Industrial Commission intended to depart from the general rule of appellate procedure as stated in *Kaplysh, supra.* The trial court's charge to the jury regarding the necessity of filing a notice of appeal from the decision of a district hearing officer constituted a correct statement of the law. In the instant case, appellant not only failed to file a notice of appeal from the district hearing officer's determination, but also neglected to appeal the decision of the Regional Board of Review affirming such determination. The motion filed by appellant subsequent to his untimely attainment of the requisite medical evidence did not serve as a substitute for a notice of appeal. Appellant's first and tenth assignments of error are not well taken, since the trial court's charge was not erroneous.

With regard to appellant's motion for a new trial and for judgment notwithstanding the verdict, we likewise find no error in the trial court's actions. Where there is sufficient evidence to enable the jury to conclude that the negligence of a defendant was a proximate cause of plaintiff's damages, judgment notwithstanding the verdict is improper. *Jenkins v. Krieger* (1981), 67 Ohio St. 2d 314; Civ. R. 50(B). Moreover, a ruling on a motion for a new trial rests within the sound discretion of the trial court, and will not be disturbed absent abuse of discretion. *Verbon v. Pennese* (1982), 7 Ohio App. 3d 182; Civ. R. 55.

In the instant case, the jury had sufficient evidence for it to reasonably conclude that appellant breached a duty of care owed to appellee, proximately causing appellee to lose disability benefits he otherwise would have enjoyed. Further, appellant had not adequately demonstrated grounds for the granting of a new trial under Civ. R. 59, and the trial court did not abuse its discretion in denying appellant's motion.

Appellant's eleventh assignment of error is not well taken.

### III. EXPERT WITNESS

In his second assignment of error, appellant argues:

"THE COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING ATTORNEY MARK FISHMAN TO TESTIFY AS AN EXPERT WITNESS AS HE FAILED TO SUBMIT A REPORT PURSUANT TO LOCAL RULE 21.1."

Attorney Fishman testified at trial regarding, *inter alia,* his opinion that appellant was negligent in his handling of appellee's worker's compensation claim. No written expert report, however, was submitted prior to trial pursuant to Loc. R. 21. 1 of the Court of Common Pleas of Cuyahoga County reflecting his proposed opinions.

Local R. 21.1 provides in part:

"(B) A party may not call an expert witness to testify unless a written report has been procured from said witness. It is counsel's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each such report adequately sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than thirty (30) days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report.

"(C) All experts must submit reports. If a party is unable to obtain a written report from an expert, counsel for the party must demonstrate that a good faith effort was made to obtain the report and must advise the court and opposing counsel of the name and address of the expert, the subject of the expert's expertise together with his qualifications and a detailed summary of his testimony. In the event the expert witness is a treating physician, the Court shall have the discretion to determine whether the hospital and/or office records of that physician's treatment which have been produced satisfy the requirements of a written report. The Court shall have the power to nevertheless exclude testimony of the expert if good cause is not demonstrated."

Appellee did timely submit a written expert report on behalf of a Curtis P. Stranathan, who did not testify at trial. Appellant admitted at trial that he had been advised by counsel for appellee in writing that Mr. Fishman would be bound by such report, and the court limited Mr. Fishman's testimony to such report. (Tr. 91-92).

Mr. Fishman was hardly a surprise witness, testifying regarding unanticipated issues. *Cf. Sixty Trust v. Board of Review of Cuyahoga County* (August 4, 1988), Cuyahoga App. Nos.

54169, 54174, unreported; *Fennell v. Forest Hills Nursing Home, et al.* (October 29, 1987), Cuyahoga App. No. 52851, unreported; *Pomiecko v. Midland Steel Products Co., et al.* (May 14, 1987), Cuyahoga App. No. 52167, unreported. Appellant has not demonstrated any prejudice in the trial court's admission of Mr. Fishman's expert testimony, and this second assignment of error is not well taken.

## IV. STATUTE OF LIMITATIONS

Appellant argues in his fourth assignment of error:

"THE COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO HOLD A HEARING AND FAILING TO GRANT SUMMARY JUDGMENT AS PER THE STATUTE OF LIMITATIONS CONTAINED IN R.C. 2305.11(A)."

Appellant believes that appellee's complaint was not filed within the one-year statutorily prescribed time limitation for attorney malpractice actions. R.C. 2305.11(A). The Ohio Supreme Court held in the case of *Omni Food and Fashion, Inc. v. Smith* (1988), 38 Ohio St. 3d 385, at syllabus:

"1. Under R.C. 2305.11(a), a cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. (*Skidmore & Hall v. Rottman* [1983], 5 Ohio St. 3d 210, 5 OBR 453, 450 N.E. 2d 684, explained and modified.)

"2. For the purposes of determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must explore the particular facts of the action and make the following determinations: when the injured party became aware, or would have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury."

Even viewing the facts most favorably for appellant, the instant action was timely filed.

Appellant does not dispute that the attorney-client relationship between himself and appellee terminated, at the earliest, by appellee's letter of May 30, 1986. The complaint in the instant case was time-stamped June 1, 1987 (although it was delivered to the court clerk and filing cost was paid on May 29, 1987).

Saturdays, Sundays, legal holidays, and the day of the complained of occurrence are not included in the computation of time. R.C. 1.14; Civ. R. 6; Loc. R. 3 of the Court of Common Pleas of Cuyahoga County. May 30 and 31, 1987 fell on a Saturday and Sunday, respectively. Thus, the instant complaint filed on Monday, June 1, 1987 was undoubtedly timely filed. The trial court did not err in ruling that appellee's complaint was timely filed, and appellant's third assignment of error is not well taken.

## V. REQUESTED CHARGE ON "200-WEEK RULE"

Appellant argues in his fourth assignment of error:

"THE COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO CHARGE THE JURY ON THE 200 WEEK RULE PER R.C. 4123.56."

The relevant portion of R.C. 4123.56 provides:

"After two hundred weeks of temporary total disability benefits, the claimant shall be scheduled for an examination by the bureau of workers' compensation for an evaluation to determine whether or not the temporary disability has become permanent."

Appellant apparently argues that the trial court should have charged the jury regarding this statute since, if there had been such a hearing, appellee's 'damages might have been limited if it were determined that appellee's disability had changed in nature.

In *Reeves v. City of Springfield* (1960), 111 Ohio App. 387, the appellate court held that:

"A requested special instruction to the jury which contains an abstract statement of law that is not applicable to the facts, and which assumes fasts which were not conceded or proved, is properly refused."

In the instant case, the record does not reveal that an examination pursuant to the "200 week rule" of R.C. 4125.56 was ever conducted. Accordingly, the jury would have been asked to engage in pure speculation regarding the outcome of such an examination.

The trial court did not abuse its discretion in declining to include appellant's requested special instruction to the jury and appellant's fourth assignment of error is not well taken.

## VI.

Related to the preceding assignment of error is appellant's seventh assignment of error, in which he states:

"THE COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO ALLOW INTO EVIDENCE THE MEDICAL REPORT OF DR. DOUGLAS BUSBY."

Dr. Busby, employed by General Motors, concluded in a medical report written subsequent to a 1986 medical examination of appellee, that appellee was able to return to work, and therefore no longer entitled to temporary total disability benefits.

The trial court exercised its discretion and refused to allow Dr. Busby's report into evidence. Since Dr. Busby's 1986 report was prepared and submitted well after the date of appellee's damages, it could have no bearing on whether or not appellant's negligence caused appellee to be denied compensation during the relevant time period of July 1, 1982 to January 9, 1985.

The trial court did not abuse its discretion, and appellant's seventh assignment of error is not well taken.

## VII.

In his fifth assignment of error, appellant argues:

"THE COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO ALLOW THE ENTIRE WORKERS COMPENSATION FILE INTO EVIDENCE."

The trial court omitted much of appellee's voluminous worker's compensation file from the evidence submitted to the jury.

The record reveals that much of this material was not used at trial at all by either party, and was irrelevant to the issues at hand. Moreover, much of the evidence was unnecessarily cumulative.

The trial court has discretion to exclude unnecessarily repetitive or cumulative evidence. Evid. R. 403; Evid. R. 402. Cf. *State v. Morales* (1987), 32 Ohio St. 3d 252. Irrelevant evidence is inadmissible. In the instant case, the trial court did not abuse its discretion, and appellant's fifth assignment of error is not well taken.

## VIII.

In his seventh assignment of error, appellant contends:

"THE COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO ALLOW EVIDENCE OF THE PLAINTIFF'S CODEINE ADDICTION."

Evidence is not admissible if its "probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid. R. 403(A). In balancing these considerations, a trial court is vested with broad discretion, and an appellate court should not reverse absent a clear abuse of that discretion. Cf. *State v. Harcourt* (1988), 46 Ohio App. 3d 52.

In the case *sub judice*, it is readily apparent that any tenuous probative value of an alleged codeine addiction on the part of appellee would be substantially outweighed by the dangers listed in Evid. R. 403(A). The trial court did not abuse its discretion in this regard, and appellant's seventh assignment of error is not well taken.

## IX.

Appellant argues in his eighth assignment of error:

"THE COURT COMMITTED PREJUDICIAL ERROR IN CHARGING THE JURY THAT IF A DISCHARGE OF AN ATTORNEY WAS WITH CAUSE, THEY SHOULD NOT AWARD ANY ATTORNEY FEES."

The trial court charged the jury in relevant part:

"The law does not require that an attorney possess perfect legal knowledge or the highest degree of skill on a matter, only that he use the degree of skill, care and prudence that is ordinarily exercised by a person who is participating int the particular area of legal practice.

"If the lawyer's performance is not at the level ordinarily exercised, a client may terminate the professional relationship even though he has entered into a contract for certain legal services, and the lawyer is not then entitled to any payment for his services." (Emphasis added).

This court ruled in *Hermann, Cahn and Schneider v. Viny* (1987), 42 Ohio App. 3d 132, that the issue of compensation for legal services after termination of the attorney-client relationship depended upon whether the termination by the client was with or without just cause.

"The general rule provides that where an attorney is discharged with cause, he is not entitled to compensation; where the attorney is discharged without cause, he is entitled to compensation based either on the stated agreement or upon the theory of *quantum meruit.*" *Id.* at 135 (citations omitted).

After trial of the instant case, the Ohio Supreme Court overruled prior Ohio case law in *Fox & Associates Co.. L.P.A. v. Purdon* (1989), 44

Ohio St. 3d 69, wherein it was held that just cause was not the dispositive factor:

"When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit.* (*Scheinesohn v. Lemonek* (1911], 84 Ohio St. 424, 95 N.E. 913, and *Roberts v. Montgomery* [1926], 115 Ohio St. 502, 154 N.E. 740, overruled.)" *Id.* at syllabus.

Thus, while the trial court's charge to the jury did not accurately state the law as it stands today, it was a correct statement of the law at the time of the trial in the case *sub judice.*

Appellant's eighth assignment of error is not well taken.

## X.

In his ninth assignment of error, appellant asserts:

"THE COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO CHARGE THE JURY THAT THE WORKERS COMPENSATION CASE WAS PRESENTLY PENDING ON APPEAL IN THE COURT OF APPEALS."

Appellant requested that the trial court charge the jury that General Motors had filed a mandamus action in the Tenth District Court of Appeals of Franklin County claiming that appellee should not have been awarded temporary total disability benefits. The trial court denied appellant's request.

Regardless of whether General Motors is successful in this collateral litigation, the central issue at trial in the instant case was whether appellee would have in fact been paid compensation for the period from July 1, 1982 to January 9, 1985, if it were not for appellant's negligence. The trial court properly denied appellant's requested charge since the likely effect of such a charge would be to confuse the issues and mislead the jury. Appellant's ninth assignment of error is not well taken.

### XI. THE CROSS APPEAL

Cross-appellant McClarty assigns error in the trial court's failure to award prejudgment interest:

### I. "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DECIDING THE PLAINTIFF's MOTION FOR PREJUDGMENT INTEREST WITHOUT AN EVIDENTIARY HEARING."

### II. "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST."

This court recently held in *Bitzer v. Lincoln Electric Co.* (March 15, 1990), Cuyahoga App. Nos. 56653 and 56690, unreported, that while some sort of a hearing may be required for disposition of a motion for prejudgment interest, the trial court has discretion in determining whether such hearing is to be oral or non-oral. See *Zaverick v. Children's Hospital Medical Ctr. of Akron* (1988), 43 Ohio App. 3d 201.

Prejudgment interest may be awarded against a losing party who had failed to make a good faith effort to settle, where the successful party had made such an effort. R.C. 1343.03(C). Whether a party's efforts are in good faith is a determination resting within the sound discretion of the trial court. *Worrell v. Multipress Inc.* (1989), 45 Ohio St. 3d 241; *Kalain v. Smith* (1986), 25 Ohio St. 3d 157. The mere fact of a plaintiff's verdict, however, does not support the conclusion that the defendant acted without good faith. *Kalain, supra; Bitzer, supra.* Moreover, if a party has a good faith belief that he has no liability, he need not make any monetary settlement offers. *Kalain, supra.*

In the instant case, the trial court found that Mr. Herzog had a good faith belief that his failure to file a notice of appeal did not constitute negligence, based on an unreported decision of another court of appeals, which decision is not binding on this court. The trial court had discretion in this regard, and cross-appellant has not demonstrated an abuse thereof. Cross-appellant's assignments of error are not well taken.

The decision of the trial court is affirmed.

It is ordered that the parties equally share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

*Judgment affirmed.*

STILLMAN, J., and LYNCH, J., concur.

Sitting by assignment, Judge Saul G. Stillman, Retired of the Eighth District Court of Appeals and Judge John J. Lynch, Retired of the Seventh District Court of Appeals.