JOURNAL ENTRY and OPINION
Mark Danish, defendant-appellant, appeals from the Berea Municipal Court, Cuyahoga County, Ohio, Case No. 99 CVF 01096, in which the municipal court granted judgment to Phillips and Mille Co., L.P.A. (PM), plaintiff-appellee, on counts one (1), two (2), and three (3) of its complaint, breach of contract, action on account, and fraudulent conveyance. Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the decision of the trial court.
On February 13, 1997, appellant and appellee entered into a contract to employ attorney for representation in a divorce action against his then wife, Sally Danish. The contract provided for the amount of the cash retainer and hourly rates for the principal attorneys, associates, and legal assistants. Further, the contract was freely entered into by both parties and appellant did not raise any contentions to the contrary in the trial court proceedings.
Prior to the conclusion of the divorce proceedings, appellant terminated the contract and appellant obtained representation from another attorney for the remainder of the divorce proceedings. As a result of the termination of the contract, appellee was owed legal fees for services rendered, pursuant to the contract, and thereafter sued appellant in the municipal court to recover the outstanding legal fees.
The first and second count of the appellee's complaint was founded upon a claim for breach of contract. In its complaint, appellee alleged that their legal obligations were performed under the contract and, as such, were due legal fees for services rendered on said account. The third count of the appellee's complaint alleges that the appellant fraudulently transferred five parcels of land to his mother, Pearl Danish, in an effort to avoid repaying the alleged debt to appellee. The claim also alleges that Pearl Danish committed fraud in accepting the transfer of those properties. In his answer appellant raised as a defense the trial court's lack of jurisdiction on the subject matter of these causes of action, as did his mother.
At trial, appellee presented evidence of a valid contract between appellant and appellee, an account in the name of the appellant for legal services totaling $17,659.30, with the firm being paid a retainer of $4,800.00, leaving a balance of $12,859.30 as of the trial date. Further, testimony revealed that billing statements were sent to the appellant evidencing the balance due from August 1998 until the filing of the complaint in May of 1999.
At trial, appellant testified that he understood the terms of the contract which he entered into with appellee and that he agreed to be bound by said terms. Further, appellant testified that he transferred five parcels of real estate through a quit claim deed to his mother, after the commencement of this action. Appellant initially testified that he transferred the property as a gift to his mother, although subsequent testimony revealed that he received money in return for the transferred property.
On December 22, 1999, the trial court issued its decision in favor of appellee on all three counts alleged in its complaint. It is from this judgment that the defendant-appellant now appeals.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT LACKED JURISDICTION OF THE CLAIM FOR FRAUDULENT CONVEYANCE AND TO SET ASIDE TRANSFER, AND THEREFORE ERRED IN GRANTING JUDGMENT ON THE THIRD COUNT OF THE COMPLAINT.
The appellant argues that the trial court erred in hearing and ruling on the substantive issues in this cause of action. The appellant asserts the position that this case is an equity action and, therefore, the municipal court is without jurisdiction to rule on this cause of action. The appellant supports this position by relying on this court's decision in Bretton Ridge Homeowners Club v. Deangelis (1985), 22 Ohio App.3d 65. In Bretton, this court stated, An action to enforce a grantor's covenant which imposes restriction on an grantee's subsequent use of the property, is equitable in nature and is governed by the principles applicable to equity actions. Id. at 8-9.
The appellant is correct in citing to Bretton if this was strictly an equity action, but the case at hand is an action for breach of contract intermingled with equity issues. As such, this court believes that Behrle v. Beam (1983), 6 Ohio St.3d 41, is more dispositive of the case before us. In Behrle, the Ohio Supreme Court ruled on the issue pertaining to a municipal court's subject matter jurisdiction when questions of law and equity are intertwined in the pleadings. In Behrle, the Ohio Supreme Court stated:
 * * * municipal courts have been granted equitable jurisdiction coextensive with that of the common pleas courts to fully deal with all aspects and claims that may arise in actions at law based on contract, * * *.
Id. at 44.
This court, in Bretton, specifically followed Behrle stating:
 Although a municipal court has jurisdiction to deal with equitable issues that arise in an action at law upon contract, so as to enable the court to render a determination of the rights of the parties, that jurisdiction must be properly invoked pursuant to R.C. 1901.18. Behrle v. Beam (1983), 6 Ohio St.3d 41.
 Specifically, division (C) of that section confers original jurisdiction [i]n any action at law based on contract.
The case at hand is an action for breach of contract and, therefore, the municipal court may exercise jurisdiction over all legal and equitable issues and associated remedies to complete the determination of the rights of the parties. The municipal court was well within its jurisdiction to order the appellant from fraudulently transferring any assets that could be used to satisfy his outstanding balance with appellee and ordering that any transfers that had previously been fraudulently transferred in anticipation of collection matters be returned. The appellant's blatant attempt to avoid collection by transferring assets to his mother was fraudulent and, as such, the trial court was correct in enjoining appellant's fraudulent actions. Accordingly, the appellant's first assignment is without merit and not well taken.
The defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFFS FOR ATTORNEYS FEES IN THE ABSENCE OF EVIDENCE OF THE AMOUNT AND EXTENT OF LEGAL SERVICES, AND THE REASONABLE VALUE OF THOSE SERVICES.
The appellant argues that appellee only presented evidence of an account and, therefore, appellee needed to prove the performance of their services and the reasonable value thereof.
This court, in Hermann, Cahn and Schneider v. Viny (1987),42 Ohio App.3d 132, ruled that the issue of compensation for legal services after termination of the attorney-client relationship depended upon whether the termination by the client was with or without just cause. "The general rule provides that where an attorney is discharged with cause, he is not entitled to compensation; where the attorney is discharged without cause, he is entitled to compensation based either on the stated agreement or upon the theory of quantum meruit." Id. at 135.
Thereafter, the Ohio Supreme Court overruled prior Ohio case law in Fox Associates Co., L.P.A. v. Purdon (1989), 44 Ohio St.3d 69, wherein it was held that just cause was not the dispositive factor:
 When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of quantum meruit.
Id. at 72.
The appellant's argument that appellee was required to prove reasonable value of its services is misguided in light of this court's and the Supreme Court's prior holdings. A review of the trial court's findings of fact and conclusions of law and related trial transcript supports the conclusion that the contract to employ an attorney included all terms, conditions, and clearly stipulated hourly rates. Moreover, the contract stated that if the Client discharges the Attorney, the Client agrees to compensate the Attorney for their services rendered to the date of discharge, as well as for all costs, expenses and disbursements incurred by the Attorney.
At trial, appellee offered into evidence the defendant's billing history which specifically listed all charges and services performed by appellee. Appellee's bookkeeper identified the defendant's billing history, which stated that services were rendered to the defendant from February 13, 1997 until August 31, 1998, totaling $17,659.30, with the firm being paid a retainer of $4,800.00, leaving an outstanding balance of $12,859.30. Further, testimony revealed that billing statements evidencing the $12,859.30 were sent to the appellant from August 1998 until the filing of the complaint in May of 1999. At no point during the trial did the appellant object to the charges being inaccurate, or that the services were actually performed. Moreover, the trial court took judicial notice that the fees were at a reasonable and customary rate within the legal profession.
The appellant's assertion that the appellee failed to introduce evidence of the reasonable value of their services is without merit. The appellee clearly established that a valid contract existed between the two parties, that both parties clearly understood the terms and conditions of the contract, and that each agreed to be bound by the terms and conditions of the contract. The appellee performed services related to the appellant's divorce proceedings and, as such, are entitled to the reasonable value for those services. There is no evidence in the record that the trial court committed prejudicial error or failed to use sound discretion in granting judgment in favor of the appellee.
Accordingly, the appellant's second assignment of error is not well taken.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
PATTON, P.J., and PORTER, J., CONCUR.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE