CLIMACO, SEMINATORE, DELLIGATTI AND HOLLENBAUGH, Appellee,

v.

CARTER, Appellant; Jude.

[Cite as *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter* (1995), 100 Ohio App.3d 313.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE05–697.

Decided Jan. 19, 1995.

*Delligatti, Hollenbaugh & Briscoe* and *Christine DeRose,* for appellee.

*Raymond F. Grove*, for appellant.

---

PETREE, Judge.

This matter is before this court upon the appeal of defendants, Joyce A. Carter[1] and Harold Jude, from a summary judgment entered by the Franklin County Court of Common Pleas in favor of plaintiff, Climaco, Seminatore, Delligatti & Hollenbaugh, in an action against defendants for failure to pay for legal services rendered. Defendants present the following three assignments of error:

"1. The trial court committed prejudicial error by granting summary judgment against appellants which deprived them of substantive and procedural due process of law in violation of the constitution of the United States and the State of Ohio.

"2. The trial court committed prejudicial error by granting summary judgment for appellees as there are material issues of fact in controversy between the parties.

"3. The trial court committed prejudicial error when it granted summary judgment against Harold Jude as to his counterclaim and upon his alleged guaranty of Joyce Carter's legal fees."

Defendant Carter alleges she retained plaintiff law firm to perform various legal services on her behalf in connection with a domestic relations matter.[2] The fee agreement entered into between Carter and plaintiff required Carter to pay plaintiff $125 an hour and to make an initial $1,000 retainer payment, which was to be applied against the hourly charges that accrued. Carter signed the fee agreement as client; her father, defendant Harold Jude, signed the agreement as guarantor. After termination of the attorney/client relationship, plaintiff brought this action seeking to recover $16,302.30 upon an account, a copy of which was attached to the complaint.

Defendants filed an answer contesting the amount of monies claimed to be owed on the account. Defendants further asserted, *inter alia*, that plaintiff (1) failed to properly represent Carter; (2) was barred by the doctrines of collateral estoppel and *res judicata* from recovering against defendants because plaintiff failed to assert these claims in defendants' prior malpractice action against

---

1. Although defendant Harold L. Jude is not named in the notice of appeal, for purposes of clarity, this court will include him in the discussion of this opinion.

2. Defendants allege that they did not enter into any contract with plaintiff law firm, Climaco, Seminatore, Delligatti & Hollenbaugh. This contention will be addressed later in this opinion.

plaintiff[3]; (3) was barred from bringing this claim because plaintiff failed to assert a compulsory counterclaim for legal fees in the aforementioned action for malpractice; (4) failed to comply with Civ.R. 10(D); (5) failed to plead a legal account; and (6) was not the real party in interest. Jude also filed a counterclaim, generally alleging that plaintiff failed to properly represent him and Carter and charged excessive attorney fees.

Plaintiff filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law as there exists no genuine issue as to any material fact. Attached to the motion was a copy of the fee agreement executed between the law firm of Delligatti, Hollenbaugh, Briscoe & Milless and Carter. This fee agreement, dated November 1, 1989, contained the signature of Carter as client. In addition, Jude, Carter's father, signed the agreement as guarantor. Also attached to the motion were excerpts from deposition testimony taken of both defendants.

The motion asserted that the fee agreement set forth the obligations of both defendants with respect to payment for legal services rendered in connection with plaintiff's representation of Carter in a domestic relations matter. Plaintiff contended that it represented Carter from November 1, 1989 until terminated on November 29, 1990 and, during the course of this representation, accrued fees amounting to $16,300.

Defendants responded to the motion by generally contesting the amount of monies claimed to be owed on the account. Defendants further asserted that plaintiff was prohibited from bringing the instant action because plaintiff failed to file a compulsory counterclaim in Carter's previous malpractice action against plaintiff and, as such, is now barred by the doctrines of collateral estoppel and *res judicata*. Defendants further alleged that various factual disputes exist concerning the previous malpractice action, including plaintiff's failure to properly represent defendants. In support of these allegations, defendants make reference to the deposition testimony of attorney Michael Delligatti. However, this document is not a part of the record on appeal. Defendants further contended that they did not enter into a contract for legal services with this plaintiff; rather, defendants' contract was with another law firm, Delligatti, Hollenbaugh, Briscoe & Milless. Defendants further asserted that plaintiff has failed to plead a legal account.

---

**3.** The case to which defendants refer appears to be Franklin County Common Pleas case No. 91–11CVA–9649, *Carter v. Delligatti*, filed November 29, 1991, in which Carter raised a claim of improper representation (legal malpractice) against the law firm of Delligatti, Hollenbaugh, Briscoe & Milless. This case was voluntarily dismissed by plaintiff pursuant to Civ.R. 41(A)(1) in November 1993.

In support of the defendants' memorandum contra plaintiff's motion for summary judgment, defendants submitted a joint affidavit, which stated that the allegations contained in their memorandum contra are true; that there are many genuine issues of material fact in controversy; and that they are entitled to judgment as a matter of law. Defendants also attached a copy of the complaint previously filed in Carter's malpractice action.[4]

Plaintiff filed a reply to defendants' memorandum contra plaintiff's motion for summary judgment. Plaintiff first asserted that defendants' joint affidavit in support of their memorandum contra was insufficient to satisfy the evidentiary requirements of Civ.R. 56(E), as that affidavit fails to set forth any facts to refute plaintiff's claims. Plaintiff further refuted defendants' allegation that plaintiff is not the proper party in interest by providing the affidavit of H. Ritchey Hollenbaugh, which delineates the progression of the law firms in question and the transfer of firm assets (including the account receivable of Joyce Carter) to plaintiff. Plaintiff further asserted that the decision in *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142 (once an action is voluntarily dismissed, it is treated as if it had never commenced) precluded defendants' compulsory counterclaim/*res judicata*/collateral estoppel arguments.

On March 23, 1994, the trial court granted plaintiff's motion for summary judgment, finding, *inter alia*, that defendants had failed to submit proper evidentiary material in opposition to plaintiff's motion for summary judgment. Thereafter, defendants filed a motion requesting that a visiting judge be appointed to conduct an oral hearing in reconsideration of the trial court's March 23, 1994 decision. This motion was overruled by decision dated April 15, 1994. The trial court's March 23, 1994 decision granting summary judgment to plaintiff was journalized by entry dated April 18, 1994. Judgment was ordered against defendants in the amount of $16,300, plus interest and costs. Defendants have timely appealed the trial court's judgment.

Defendants' three assignments of error all assert that the trial court improperly granted plaintiff's motion for summary judgment. As the assignments of error are interrelated, they will be addressed together.

---

**4.** As noted previously, this complaint was filed by Carter on November 29, 1991, naming, *inter alia*, Michael Delligatti, Charles K. Milless and the law firm of Delligatti, Hollenbaugh, Briscoe & Milless as defendants. However, this complaint may not be considered as evidence in the instant summary judgment proceeding. Civ.R. 56(C) states in pertinent part: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule." A pleading filed in another action does not fall within the express limits of acceptable materials set forth in Civ.R. 56(C) and will not be considered by this court.

Civ.R. 56(C) provides, in pertinent part, as follows:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor * * *."

Furthermore, Civ.R. 56(E) provides, in pertinent part:

"Supporting and opposing affidavits *shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * When a motion for summary judgement is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. * * *"* (Emphasis added.)

When reviewing a summary judgment motion, an appellate court applies the same standard as that applied by the trial court, *i.e.*, it reviews the judgment independently. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The burden of showing that no genuine issue exists as to any material fact falls upon the moving party requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. However, a party who opposes a motion for summary judgment may not rest upon the allegation or denials set forth in his pleadings, but must set forth specific facts in his response, by affidavit or otherwise, demonstrating the existence of a genuine issue of material fact in order to prevent the granting of a motion for summary judgment. *Id.* The party opposing the motion has the burden of producing evidence on any issue

for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 approved and followed).

Initially, we note that defendants have alleged that plaintiff has not complied with Civ.R. 10(D) because it failed to attach a copy of the fee agreement to the complaint. Defendants further allege that plaintiff has failed to properly plead an action on an account. Civ.R. 10(D) governs a claim on an account and states that when a claim is founded upon an account a copy thereof must be attached to the pleading. Civ.R. 10(D) contains no language requiring plaintiff to attach a copy of the fee agreement. Civ.R. 10(D) does not detail what the account attached to the pleading must contain; however, such detail is provided in *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373, wherein this court stated:

"An account must show the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." *Id.* at 126, 38 O.O.2d at 145, 223 N.E.2d at 375.

Upon review of the account attached to the complaint, we conclude that it is a proper account within the standard announced by this court in *Brown*. Thus, defendants' assertions regarding plaintiff's alleged failure to comply with Civ.R. 10(D) are not well taken.

We find that plaintiff clearly meets the requirements of Civ.R. 56 by supporting its motion for summary judgment with excerpts of defendants' deposition testimony, which demonstrates defendants' obligation to pay for plaintiff's professional services. Specifically, Carter testified that she signed the written fee agreement, the terms of which obligated her to pay $125 per hour for legal services rendered in connection with her domestic relations action. This fee agreement was clear and unambiguous. Carter further testified that she does not dispute the bill or the time and paperwork reflected therein. Furthermore, defendants admit that they received monthly billing statements from plaintiff and were generally aware of the account balance, but failed to dispute any of the charges.

Defendants can then survive a motion for summary judgment only by setting forth specific facts demonstrating that there is a genuine issue for trial.

The sole evidence presented by defendants was the joint affidavit accompanying the memorandum contra. Defendants' response fell short of that required by Civ.R. 56(E). The joint affidavit does not affirmatively show that the affiants were competent to testify to the matters contained therein or that the affidavits were made upon personal knowledge. See Civ.R. 56(E). Further, the affidavit does not set forth any specific facts showing that there is a genuine issue for trial; rather, the affidavit simply recites that the allegations in the memo contra are incorporated by reference, that there are many genuine issues of material fact, and that defendants are entitled to judgment as a matter of law. Defendants' attempt to incorporate these legal arguments into their affidavit is akin to filing an affidavit simply stating that the allegations contained in its answer are factually true. As previously noted, a party opposing summary judgment may not rest upon the mere allegations contained in his pleadings. *Mitseff, supra.* This is precisely what defendants attempt to do in offering this affidavit. In *Hazinakis v. Indus. Comm.* (Mar. 22, 1994), Franklin App. No. 93APE11–1538, unreported, 1994 WL 97053, this court recently stated:

"[C]ivil litigants are on notice that they cannot merely rely upon the allegations in their pleadings, but must present evidentiary material in support of their position if they are to withstand a motion for summary judgment. * * *"

Defendants have not submitted proper evidentiary material to demonstrate that a genuine issue of material fact exists for trial. As the trial court stated, "[t]o allow defendants to withstand plaintiff's properly documented motion without complying with Civil Rule 56(E) would eviscerate that rule." (April 15, 1994 Decision, at 4, fn. 1.) Defendants' joint affidavit fails to comply with the requirements set forth in Civ.R. 56(E). *Penwell v. Taft Broadcasting* (1984), 13 Ohio App.3d 382, 13 OBR 466, 469 N.E.2d 1025.

Defendants further claim that plaintiff is not the proper party plaintiff. As noted previously, Carter contends that she contracted with the law firm of Delligatti, Hollenbaugh, Briscoe & Milless, not plaintiff law firm. However, as the trial court correctly noted, the affidavit of H. Ritchey Hollenbaugh, submitted as part of plaintiff's summary judgment materials, appropriately documents the transfer of the ownership of Carter's account to plaintiff law firm. Therefore, we find plaintiff to be the proper party to bring this action.

Defendants next contend that the doctrines of collateral estoppel and *res judicata* apply because of Carter's previously filed and voluntarily dismissed action against Delligatti, Hollenbaugh, Briscoe & Milless. Defendants also contend that the compulsory counterclaim rule, Civ.R. 13(A), bars plaintiff from pursuing its claims in this case.

The compulsory counterclaim rule does not apply to this situation. Civ.R. 13(A) provides as follows:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commended the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

The Cuyahoga County Court of Appeals discussed Civ.R. 13(A) and its impact on the doctrine of *res judicata* in *Jackson v. Simmons* (Mar. 4, 1993), Cuyahoga App. No. 61906, unreported, 1993 WL 58620, wherein the court stated:

"This rule requires a defendant to assert any counterclaim which arises out of the transaction which is the subject of the complaint. Failure to assert a compulsory counterclaim under Civ.R. 13(A) constitutes *res judicata. Interstate Steel Erectors, Inc. v. H & L Wolff, Inc.* (1984), 17 Ohio App.3d 173 [17 OBR 304], 478 N.E.2d 245; *Broadway Mgmt., Inc. v. Godale* (1977), 55 Ohio App.2d 49 [9 O.O.3d 208], 378 N.E.2d 1072. The purpose of the rule is to avoid a multiplicity of lawsuits arising from the same subject matter. *Sharkin v. Tartaglia* (August 4, 1988), Cuyahoga County App. No. 55101, unreported [1988 WL 87520]. Further, the doctrine of *res judicata* operates as a bar against subsequent lawsuits when there is a final judgment in the original action." *Id.* at 2.

The claim asserted in this action does arise out of the transactions or occurrences that are the subject of Carter's previous claim. Carter's previous claim was still pending at the time plaintiff filed the instant action; thus, plaintiff would, under ordinary circumstances, be required to file its claim as a compulsory counterclaim. However, Carter voluntarily dismissed her claim in November 1993. After a voluntary dismissal, the parties are in the same position as if the action had never been commenced. In *Zimmie, supra,* the Supreme Court of Ohio wrote:

"It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced. *Goldstein v. Klivans, Inc.* (App.1931), 10 Ohio Law Abs. 133. Jurisdiction cannot be reclaimed by the court." *Id.,* 11 Ohio St.3d at 95, 11 OBR at 397, 464 N.E.2d at 144.

In such circumstances as exist in the instant case, Civ.R. 13(A) should not bar plaintiff's action. Once Carter voluntary dismissed her claim, there is no pending action which requires the compulsory submission of a counterclaim. Hence, plaintiff is not barred from asserting the claim in this action by virtue of Civ.R. 13(A). Furthermore, Carter's voluntary dismissal without prejudice was not a disposition of the case on the merits. *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 527 N.E.2d 858. Thus, the doctrines of *res judicata* and collateral estoppel would not bar a second action on the legal malpractice claims.

We next turn to the issue of Jude's counterclaim, in which he asserts that plaintiff failed to properly represent him and Carter. We first note that defendants' response to plaintiff's motion for summary judgment fails to set forth any evidence of alleged legal malpractice on the part of plaintiff which could support this claim. Furthermore, upon review of the fee agreement, it is clear that Jude did not retain plaintiff to represent him; he signed the fee agreement only as guarantor in the event Carter failed to make payment. In addition, Jude's deposition makes clear that he merely guaranteed payment of Carter's legal fees and was not, himself, a client of plaintiff.

Although we conclude that the trial court did not err in granting summary judgment for plaintiff, we must reverse and remand this cause to the trial court for the purpose of conducting a hearing to determine the reasonableness of the attorney fees delineated in the account.

Compensation for services rendered by an attorney is generally fixed by contract prior to employment and the formation of the fiduciary relationship between attorney and client. *Jacobs v. Holston* (1980), 70 Ohio App.2d 55, 24 O.O.3d 72, 434 N.E.2d 738. After the fiduciary relationship is established, the attorney has the burden of establishing the reasonableness and fairness of fees. *Id.* Where, prior to employment, the attorney and client have reached an agreement as to the hourly rate to be charged and the amount of the retaining fee, but the agreement fails to provide for the number of hours to be expended by the attorney, in an action for attorney fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of work hours devoted to the case rest on the attorney. *Id.* Furthermore, a trial court must base its determination of reasonable attorney fees upon actual value of the necessary services performed, and there must be some evidence which supports the court's determination.[5] *In re Hinko* (1992), 84 Ohio App.3d 89, 616

---

5. This court is aware that other courts have held that where, as in the instant case, the client did not make any attempt to contact the attorney during the tenure of the attorney/client relationship to express dissatisfaction with the legal services rendered or the amount of money for which the client knew he was being billed, and the attorney kept the client apprised of the

N.E.2d 515.  In making such a determination, the court must consider many important factors, including those set forth in *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 11 OBR 63, 463 N.E.2d 98:

" * * * (1) [T]ime and labor, novelty of issues raised, and necessary skill to pursue the course of action;  (2) customary fees in the locality for similar legal services;  (3) result obtained;  and (4) experience, reputation and ability of counsel.  See DR 2-106(B), Code of Professional Responsibility;  Annotation (1974), 57 A.L.R.3d 475."  *Id.* at 35, 11 OBR at 68, 463 N.E.2d at 104–105.

■■■  The record in this case does not disclose whether the trial court took these factors under consideration.  We find no evidence, independent expert testimony or otherwise, regarding the factors set forth in *Pyle, supra,* other than the language of the contract, regarding the reasonableness of plaintiff's hourly fee, nor did the trial court make a determination as to the reasonable value of plaintiff's services.  Plaintiff merely attached a copy of the account to its complaint;  however, we hold that plaintiff must submit some evidence in support of its $16,000 claim.

For the foregoing reasons, defendants' assignments of error are overruled; however, we reverse and remand this cause to the Franklin County Court of Common Pleas for the purpose of conducting a hearing to determine the reasonableness of the attorney fees delineated in the account.

*Judgment reversed and cause*
*remanded with instructions.*

CLOSE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

status of the client's legal matter, no expert testimony regarding the reasonableness of charged fees is required.  See *Hermann, Cahn & Schneider v. Viny* (1987), 42 Ohio App.3d 132, 537 N.E.2d 236.