OPINION
{¶ 1} Appellant Daniel Hamrick appeals a judgment of the Canton Municipal Court awarding appellee Day, Ketterer, Raley, Wright and Rybolt, Ltd., damages in the amount of $10,271.48:
 {¶ 2} "I. THERE WAS MORE RELEVANT EVIDENCE EXCLUDED BY THE TRIAL COURT THAN PERMITTED, DENYING A FAIR TRIAL AND VIOLATING THE PROHIBITION AGAINST DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS UNDER THE U.S. CONSTITUTION'S FIFTH AND 14TH AMENDMENTS. THE TRIAL COURT SPECIFICALLY VIOLATED MANY OF THE ELEMENTS CALLING FOR A NEW TRIAL IN OHIO CIVIL RULE 59, AND THEY WILL BE ENUMERATED IN THE ARGUMENTS THAT FOLLOW:
 {¶ 3} "II. THE MUNICIPAL COURT ERRED IN DISALLOWING ANY EVIDENCE RELATING TO THE OHIO CODE OF PROFESSIONAL RESPONSIBILITY TO BE ADMITTED BY THE PLAINTIFF-APPELLANT IN A BREACH OF CONTRACT CASE INVOLVING AN ATTORNEY CLIENT DISPUTE OVER FEES. THIS APPLIES MOST PARTICULARLY TO DR2-106 GOVERNING REASONABLE AND EXCESSIVE FEES BY ATTORNEYS.
 {¶ 4} "III. THE JUDGE ERRED IN FAILING TO REQUIRE THE PLAINTIFF TO CARRY THE BURDEN OF PROOF INCLUDING ALL OF THE ELEMENTS IN ASSIGNMENT OF ERROR NO. II.
 {¶ 5} "IV. NEXT, THE COURT ERRED IN ITS REFUSAL TO ALLOW THE DEFENDANT TO REFER TO KEY ELEMENTS OF THE DIVORCE TRIAL INCLUDING THE RESIDENCY OF THE APPELLANT'S SPOUSE.
 {¶ 6} "V. THE COURT ERRED IN REFUSING TO TRANSFER THE CASE TO THE STARK COUNTY COURT OF COMMON PLEAS AFTER A COUNTER-CLAIM FOR DAMAGES WAS FILED THAT EXCEEDED THE MUNICIPAL COURT'S MONETARY JURISDICTION OF $15,000.
 {¶ 7} "VI. THE JUDGE MISTAKENLY BARRED ADMISSION INTO EVIDENCE OF DEMANDS BY DAY, KETTERER FOR A "PROMISSORY NOTE" AND "OPEN-END MORTGAGE DEED" THAT WOULD HAVE INCREASED THE BILL TO $20,000 AT 18 PERCENT INTEREST. THE FIRST THREATENED TO HOLD THE CASE HOSTAGE AS AN "EXTORTIONATE" DEMAND FOR THE EVEN HIGHER FEES TO APPEAL ITS LOST CASE. THE LAW FIRM SAID THE DEFENDANT-APPELLANT WOULD BE REQUIRED TO SIGN THE DOCUMENTS FOR THEM TO PROCEED ON APPEAL OR, AS J. CURTIS WERREN MISREPRESENTED IT, "A STAY OF EXECUTION" ON SALE OF THE HOME.
 {¶ 8} "VII. THE JUDGE ERRED IN DENYING THE DEFENDANT PERMISSION TO COMPARE — EVEN TO REFER — TO SUBSEQUENT CASES RELATING TO THE SAME ISSUE OF DIVORCE AND ITS COSTS. THIS ONE OCCURRED IN KENTUCKY, AND THE JUDGE HIMSELF TESTIFIED ERRONEOUSLY IN SUPPORT OF THE PLAINTIFF IN A MATTER INVOLVING THE LEGAL DISPOSITION OF PROPERTY IN AN INTERSTATE DIVORCE CASE.
 {¶ 9} "VIII. THE MUNICIPAL COURT CREATED A UNILATERAL TRIAL ON A BILATERAL CONTRACT BY REFUSING TO ALLOW EVIDENCE OR TESTIMONY THAT INVOLVED NONPERFORMANCE ON THE CONTRACT BY J. CURTIS WERREN COUNSEL FOR THE DEFENDANT-APPELLANT WITH THE JUDGE HIMSELF OFFERING PREJUDICIAL TESTIMONY ABOUT LIMITING THE DISCUSSION TO TIME AND DOLLARS THEMSELVES. A FAIR TWO-WAY TRIAL ON BREACH OF CONTRACT ISSUES SHOULD HAVE CARRIED FOR THE DEFENDANT, ABSENT ANY EVIDENCE OF PERFORMANCE, RESULTS OR COMPLEXITY BY THE ATTORNEY PLAINTIFF.
 {¶ 10} "IX. ATTORNEY J. CURTIS WERREN MISREPRESENTED THE FACTS IN MORE THAN ONE INSTANCE IN HIS TESTIMONY — MOST PARTICULARLY AS REGARDS [SIC] TO TESTIMONY THAT HE ENTERED AN OBJECTION IN THE DIVORCE TRIAL TO THE GROUNDS OF INCOMPATIBILITY. DURING THE DEFENDANT-APPELLANT'S CLOSING ARGUMENT, THE TRIAL JUDGE ACCUSED THE DEFENDANT-APPELLANT OF MISCHARACTERIZING WERREN'S TESTIMONY EVEN THOUGH WERREN'S TESTIMONY WAS FALSE.
 {¶ 11} "X. OTHER ERRONEOUS ELEMENTS BY THE JUDGE INCLUDE A REFUSAL TO REQUIRE SHEILA MARKLEY, MANAGING PARTNER OF DAY, KETTERER, TO PROVIDE WRITTEN POLICIES OF THE FIRM REGARDING LAW SUITS AGAINST CLIENTS. THIS WAS NOT SUBSTANTIVELY DIFFERENT THAN REQUIRING AN EMPLOYER TO PROVIDE INFORMATION ON SICK LEAVE OR VACATION PAY WHEN AN EMPLOYEE FILES A COMPLAINT ABOUT THOSE ISSUES. IT WAS MORE RELEVANT BECAUSE OF DAY, KETTER'S ROLE AS A PLAINTIFF IN 212 CASES SINCE 1997, DESPITE THE CODE OF PROFESSIONAL RESPONSIBILITY'S ADMONISHMENT ABOUT AVOIDING EVEN MISUNDERSTANDINGS WITH CLIENTS OVER FEES."
 {¶ 12} In August of 1999, appellant approached Attorney J. Curtis Werren of appellee's law firm to seek assistance in defending appellant in a divorce action filed by appellant's wife. Werren and appellant entered into a contract on August 13, 1999, reflecting that appellant would pay Werren at the rate of $125 per hour for legal services rendered. An addendum was attached to the contract stating that prior to making certain expenditures, Werren would obtain approval from appellant.
 {¶ 13} Rather than agreeing to the grounds set forth in his wife's complaint for divorce, appellant counter-claimed, and wanted to pursue a claim for fraudulent inducement. A trial was held on March 27, 2000, and a divorce was granted on the grounds of incompatibility. As the divorce was granted on grounds other than those preferred by appellant, he appealed. The appeal was successful, and the case was remanded to the trial court, whereupon it was dismissed.
 {¶ 14} During the course of representation, appellant made payments pursuant to the contract to appellee. In late November of 1999, he began falling behind in his payments. Periodic billing statements and reminder statements were sent to appellant regarding the account. After the divorce trial was concluded, appellant began to question his bill. At this time, statements of account and other documentation to assist appellant in understanding his bill were forwarded to him. Appellant refused to make payment. After filing the notice of appeal on the underlying divorce action, Werren and appellee withdrew from representation of appellant.
 {¶ 15} After attempts to resolve the issue failed, appellee filed the instant action against appellant in the Canton Municipal Court. The complaint alleged breach of contract, unjust enrichment, and an action on an account for failure to pay for legal services rendered.
 {¶ 16} Appellant filed an answer and counterclaim through counsel. Appellant later filed a first amended counterclaim raising claims for breach of contract, and demanding return of payments in the amount of $2711.12 made to appellee. On January 9, 2002, two weeks prior to trial, counsel for appellant filed a motion to withdraw.
 {¶ 17} On January 22, 2002, two days before trial, appellant filed a request for leave to file a second amended counterclaim, and a motion to transfer the case to the Stark County Common Pleas Court. The second amended counterclaim demanded in excess of $26,252.90. At trial, the court denied appellant's motion for leave to file the second amended counterclaim.
 {¶ 18} The matter proceeded to jury trial on January 24, 2002. The jury found unanimously in favor of appellee, the court entered judgment accordingly. Subsequently, appellee filed a motion for pre-judgment interest, which was granted by the court on January 31, 2002.
 I {¶ 19} In his first assignment of error, appellant argues that the court excluded more relevant evidence than it permitted, violating his right to due process. However, in this assignment, appellant does not specifically point to what portions of the record demonstrate any error in excluding relevant evidence. As appellant later in his brief makes specific claims of error regarding exclusion of evidence, we will address such specific instances later in this opinion, where properly raised by appellant.
 {¶ 20} Appellant also argues that he had grounds for a new trial pursuant to Civ.R. 59. However, appellant never made a motion for a new trial, and therefore cannot demonstrate error.
 {¶ 21} The first assignment of error is overruled.
 II {¶ 22} Appellant argues that the court erred by excluding any evidence relating to the Ohio Code of Professional Responsibility, specifically, DR 2-106, governing reasonable and excessive fees by attorneys.
 {¶ 23} There are four factors which are to be considered in determining a reasonable fee: time and labor, novelty of issues raised, and necessary skill to pursue a case; customary fees in locality for similar legal services; results obtained; and experience, reputation, and ability of counsel. Climaco, Seminatore, Diligatti Hollenbaugh v.Carter (1995), 100 Ohio App.3d 313. There was evidence presented to the jury on all of these factors, and the court did not exclude evidence concerning these factors.
 {¶ 24} In closing argument, appellant attempted to directly quote the factors from a case. At this point, the court prevented appellant from instructing the jury on the law. However, appellant made no attempt to proffer evidence concerning the Ohio Code of Professional Responsibility. Appellant did not attempt to comment on the evidence relating to these factors in his closing argument. The record does not demonstrate that the court improperly excluded evidence concerning reasonableness of fees.
 {¶ 25} The second assignment of error is overruled.
 III {¶ 26} Appellant argues that the court erred in failing to require appellee to carry the burden of proof on the elements of reasonableness of fees. This claim is patently without merit. The court instructed the jury that the person who claims that certain facts exist must prove them by a preponderance of the evidence. Tr. 197. The court further instructed the jury that the burden of proof is on the plaintiff to prove the facts necessary for their case by a preponderance of the evidence. Tr. 198.
 {¶ 27} The third assignment of error is overruled.
 IV, VI, VII, VIII {¶ 28} We address appellants Fourth, Sixth, Seventh and Eighth Assignments of Error together, as all assign error in the exclusion of evidence. In his Fourth Assignment of Error, appellant argues the court erred in refusing to allow him to refer to the residency of his spouse during the divorce trial. In his Sixth Assignment of Error, he argues that the court erred in excluding evidence of demands by appellee for a promissory note and an open-end mortgage deed. In his Seventh Assignment of Error, appellant argues that the court erred in denying him the opportunity to compare the costs in the instant divorce action to the cost of obtaining a divorce in Kentucky. In his Eighth Assignment of Error, appellant argues that the court erred in refusing to allow evidence concerning non-performance of the contract by Werren.
 {¶ 29} As to Assignments of Error Four, Six and Seven, it appears that appellant intended to litigate the underlying divorce case, and bring in evidence of irrelevant matters concerning the divorce as it proceeded in Kentucky. Appellant has not demonstrated that the court abused its discretion in excluding such evidence, as it was not relevant to the instant action to collect fees on the case. Further, appellant did not attempt to proffer any of the evidence he now claims was erroneously excluded in Assignments of Error IV, VI, and VII. Error may not be predicated upon a ruling excluding evidence unless the substance of the evidence was made known to the court by proffer. Evid.R. 103 (A)(2).
 {¶ 30} In Assignment of Error Eight, appellant argues that the court erred in excluding evidence concerning non-performance of the contract by Werren. He also argues that the judge himself offered prejudicial testimony about limiting the discussion to time and dollars.
 {¶ 31} The record does not reflect that appellant was prevented from presenting evidence of Werren's non-performance of the contract. However, the court did not admit irrelevant evidence related to the merits of the divorce case, or to the divorce proceedings in Kentucky. We are unable to find that the court improperly excluded evidence of Werren's non-performance of the contract.
 {¶ 32} The Fourth, Sixth, and Seventh Eighth Assignments of Error are overruled.
 V {¶ 33} Appellant argues that the court erred in refusing to transfer the case to the court of common pleas, after a counterclaim for damages was filed exceeding the municipal court's monetary jurisdiction.
 {¶ 34} Civ.R. 15 (A) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may amend at anytime within twenty-eight days after service. Otherwise, the party may amend only by leave of court or written consent of the adverse party. Amendment of pleadings by leave of court pursuant to Civ.R. 15 (A) is a matter of judicial discretion. Wille v. Hunkar Lab., Inc. (1998),132 Ohio App.3d 92, 109.
 {¶ 35} Appellant filed his motion for leave to file his second amended counterclaim two days before trial. The second amended complaint raised additional issues, and sought removal of the case to the court of common pleas. The court did not abuse its discretion in denying appellant's motion to amend his counterclaim for the second time two days before trial. Having denied appellant's second amended counterclaim, the amount sought did not exceed the jurisdictional limit of the municipal court.
 {¶ 36} The Fifth Assignment of Error is overruled.
 IX {¶ 37} In his Ninth Assignment of Error, appellant argues that Attorney Werren misrepresented the facts in his testimony, particularly as to any objection in the divorce trial to the grounds of incompatibility.
 {¶ 38} If appellant desired to impeach Werren's testimony concerning objections at trial, the proper method to do so would have been by using the transcript from the divorce trial to impeach his credibility while on the witness stand. Appellant failed to do so, and the record therefore does not reflect any error. Appellant cannot now impeach the credibility of a witness.
 {¶ 39} The Ninth Assignment of Error is overruled.
 X {¶ 40} In his Tenth Assignment of Error, appellant argues that the court erred in refusing to require Sheila Markley, managing partner of appellee, to provide written policies of the firm regarding lawsuits against clients.
 {¶ 41} Appellant filed a subpoena duces tecum on January 14, 2002, requesting that Attorney Markley appear at trial and bring any written policies about lawsuits and collections against clients. The court quashed the subpoena.
 {¶ 42} Prior collection efforts by appellee on cases other than appellant's were not relevant to the current litigation. Such policies have no bearing on the reasonableness of fees charged, or the time required to be spent on appellant's divorce case. The court did not err in quashing the subpoena, as the information sought would not have been relevant.
 {¶ 43} The Tenth Assignment of Error is overruled.
 {¶ 44} The judgment of the Canton Municipal Court is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
topic: contract-collection of attorney fees — evidence