ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendants-appellants, Michael and Anne Ferrante,[1] appeal from the order that granted plaintiff-appellee's, Koblentz Koblentz,[2] motion for summary judgment. For the reasons that follow, we affirm in part, reverse in part, and remand for a hearing to determine the reasonableness of the attorney fees.
 {¶ 3} Appellants hired Koblentz to represent Michael against criminal charges on November 12, 2001. The fee agreement, submitted into evidence by appellee, provided hourly rates but did not provide for the number of hours to be expended by Koblentz. Michael eventually entered a plea agreement to reduced charges and there was no trial. Koblentz charged the Ferrantes over $60,000 in connection with the criminal defense.[3]
 {¶ 4} The Ferrantes paid Koblentz $17,600 on the account for legal fees. A dispute arose over payment of the fees, which culminated in the commencement of this action by Koblentz against the Ferrantes. The Ferrantes filed a counterclaim essentially challenging the fees as excessive and unreasonable.
 {¶ 5} When Koblentz failed to provide complete discovery, the Ferrantes pursued a motion to compel, which the court granted. Appellants indicated in at least two motions that they needed outstanding discovery to support their claims.[4]
Specifically, appellants indicated they needed the files to "determine the value of the services." (R. 24).
 {¶ 6} On June 1, 2005, Koblentz filed a motion for summary judgment. The Ferrantes requested an extension of the dispositive motion deadline until August 1, 2005. (R. 23). Notwithstanding, the Ferrantes filed a brief in opposition to Koblentz's motion for summary judgment on June 15, 2005 and did not avail themselves of the provisions of Civ.R. 56(F) despite the fact of outstanding discovery. Five days later, the trial court granted the Ferrantes' motion to extend the dispositive motion deadline.
 {¶ 7} According to the record, the Ferrantes did not receive outstanding discovery from Koblentz before July 7, 2005.[5]
 {¶ 8} Koblentz submitted into evidence an itemized billing of time charged to the Ferrantes. In opposition, the Ferrantes generally challenged the reasonableness of the fees, including time billed for discussions with the media.[6]
 {¶ 9} On July 27, 2005, the Ferrantes filed another motion to extend the dispositive motion deadline due to the unavailability of Koblentz for deposition. But on August 2, 2005, the trial court granted Koblentz's motion for summary judgment.
 {¶ 10} On August 11, 2005, the Ferrantes filed a motion to reconsider again challenging the reasonableness of the attorney fees charged to them. The trial court denied the motion for reconsideration observing that "even if the court treats this motion as one under R 60(B), no basis for relief is given."
 {¶ 11} Appellants appeal from the trial court's summary judgment order assigning four errors for our review. We address them together since they are all interrelated.
 {¶ 12} "I. The trial court committed prejudicial error by granting appellee's motion for summary judgment after appellants demonstrated the existence of a genuine issue of material fact.
 {¶ 13} "II. The trial court erred by granting summary judgment prior to completion of discovery.
 {¶ 14} "III. Trial court erred in denying motion for reconsideration finding no basis for relief.
 {¶ 15} "IV. At a minimum, the trial court erred by not holding a hearing on damages."
 {¶ 16} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356. If the movant demonstrates no issues of material fact, the burden shifts to the nonmovant. Unless the nonmovant sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 17} However, pursuant to Civ.R. 56(F), a party opposing a motion for summary judgment may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits which state a factual basis and which provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had. Gates MillsInvestment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155,168-169. A denial of a motion for continuance made pursuant to Civ.R. 56(F) will be reversed where the denial constitutes an abuse of discretion. Id.
 {¶ 18} This Court reviews the lower court's granting of summary judgment de novo. Brown v. County Comm'rs (1993),87 Ohio App.3d 704. Pursuant to Civ.R. 56(C), "the reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. The motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741.
 {¶ 19} Appellants argue that the trial court erred in four respects: (1) by granting Koblentz's motion for summary judgment; (2) by granting the motion prior to the close of discovery; (3) by denying appellants' motion to reconsider; and (4) by not holding a hearing to determine damages.
 {¶ 20} Having reviewed the record, we find that the trial court did not err by granting Koblentz's motion for summary judgment. Appellants did not submit any evidence that would create a genuine issue as to the existence of a contract for legal services between Koblentz and the Ferrantes. And, while appellants could have sought an extension to respond to Koblentz's motion for summary judgment pursuant to Civ.R. 56(F), they did not.[7]
 {¶ 21} Further, and as the trial court observed, the Ferrantes did not submit proper evidentiary material to oppose Koblentz's motion for summary judgment. Accordingly, it was proper for the trial court to grant summary judgment to Koblentz on its claim that the Ferrantes were obligated to pay for legal services.[8] Accord, Climaco, Seminatore, Delligatti andHollenbaugh v. Carter (1995), 100 Ohio App.3d 313 ("to allow defendants to withstand plaintiff's properly documented motion [for summary judgment] without complying with Civil Rule 56(E) would eviscerate that rule.")
 {¶ 22} The trial court did not err by denying the Ferrantes' motion for reconsideration. The trial court concluded that even if it were to treat the motion as one under Civ.R. 60(B), no basis for relief was given. The Ferrantes did not argue for relief pursuant to Civ.R. 60(B) below, but, on appeal, maintain relief should have been afforded pursuant to subsections 1 (mistake, inadvertance, surprise or excusable neglect), 2 (newly discovered evidence); and 3 (fraud, misrepresentation or other misconduct of an adverse party). However, the Ferrantes did not submit any evidence to support these claims with their motion. Although the Ferrantes argue that Koblentz acted improperly in response to the motion to compel, the record indicates the Ferrantes had the discovery by the time the motion to reconsider was filed. Yet, the Ferrantes did not point to what newly discovered evidence would entitle them to relief. For all these reasons, the trial court did not err by overruling the motion to reconsider.
 {¶ 23} Although we affirm the trial court's decision to grant summary judgment as to the existence of a contract for legal services, we reverse the judgment to the extent it entered a monetary judgment in Koblentz's favor. The trial court should have held a hearing to determine the reasonableness of the attorney fees charged by appellee. Climaco, Seminatore,Delligatti and Hollenbaugh v. Carter (1995),100 Ohio App.3d 313. Accordingly, we find that the fourth assignment of error has merit.
 {¶ 24} In Climaco, the Tenth District addressed a very similar fact pattern to the instant appeal. The Climaco firm commenced an action to collect fees and the defendants filed a counterclaim. As here, the engagement provided for a specific hourly rate but did not provide for the number of hours to be expended by the attorney. Id. at 323. Like the Ferrantes, the clients in Climaco did not object to the reasonableness of the fees during the tenure of the attorney/client relationship. Id. at footnote 5. Still, the court held "in an action for attorney fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of work hours devoted to the case rest on the attorney." Id., citing Jacobs v.Holston (1980), 70 Ohio App.2d 55. In Climaco, the court upheld summary judgment in favor of the firm but remanded the matter for a hearing to determine the reasonableness of attorney fees.
 {¶ 25} In determining the reasonableness of attorney fees, the trial court must consider "many important factors, including those set forth in Pyle v. Pyle (1983), 11 Ohio App.3d 31 :
 {¶ 26} "`(1)[T]ime and labor, novelty of issues raised, and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel.'" Climaco, 100 Ohio App.3d at 324.
 {¶ 27} In this case, the record does not contain any argument, evidence, or consideration of the above factors in terms of the reasonableness of the attorney fees. Accordingly and consistent with the reasoning set forth in Climaco, we affirm in part, reverse in part, and remand for the purpose of conducting a hearing to determine the reasonableness of the attorney fees charged by appellee.
Judgment affirmed in part, reversed in part, and remanded with instructions.
It is ordered that appellants and appellee share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and McMonagle, J., concur.
[1] Referred to herein as "Michael" and "Anne," individually and "Ferrantes" or "appellants" collectively.
[2] Referred to herein as "Koblentz" or "appellee."
[3] Although the Ferrantes initiated a related federal civil action, they retained separate legal counsel in that matter.
[4] E.g., R. 23 Motion for Extension of Dispositive Motion Date (5/31/2005), R. 24 Defendant's Brief in Opposition to Plaintiff's Motion for Protective Order (5/31/2005).
[5] Appellee contends the discovery was completed upon receipt of the written responses on July 7, 2005. Defendants, however, contend they were not actually provided the documents until July 27, 2005.
[6] The court disregarded correspondence submitted by appellants in support of their opposition brief for failure to properly authenticate it.
[7] The Ferrantes' reliance on Kane v. Mazer Corp. (May 29, 1990), Montgomery App. No. 11645 is misplaced. In that case, the court specifically found that the non-movant had raised the provisions of Civ.R. 56(F) in his memorandum contra the motion for summary judgment. That is not the case here.
[8] Even if the trial court had considered the correspondence submitted by the Ferrantes as evidence, it would not have created a genuine issue over the existence of an agreement by the Ferrantes to engage Koblentz for legal services.