[Cite as *Lillie & Holderman v. Dimora*, 2013-Ohio-3431.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   99271

---

## LILLIE & HOLDERMAN

PLAINTIFF-APPELLEE

vs.

## JAMES DIMORA

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-754423

**BEFORE:**   E.A. Gallagher, J., Stewart, A.J., and Edwards, J.

**RELEASED AND JOURNALIZED:**    August 8, 2013

**ATTORNEY FOR APPELLANT**

David V. Patton
P.O. Box 39192
Solon, OH    44139

**ATTORNEYS FOR APPELLEE**

Robert B. Weltman
David S. Brown
Weltman, Weinberg & Reis Co.
323 West Lakeside Avenue
Suite 200
Cleveland, OH    44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant, James Dimora, appeals the order of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee Lillie & Holderman in the amount of $79,325. For the reasons stated herein, we affirm, in part, reverse, in part, and remand for a hearing to determine the reasonableness and necessity of certain billing entries included in the attorney fee award.

**{¶2}** The law firm Lillie & Holderman (hereinafter "L&H") filed an action for the recovery of legal fees in connection with the firm's representation of appellant. The complaint alleged that, pursuant to an agreement between the parties, L&H performed 413.30 hours of legal services on behalf of appellant from July 14, 2008 through January 12, 2011; that the total value of L&H's legal services was $103,325; that appellant had made payments in the amount of $24,000 and that there remains a balance due and owing of $79,325. L&H sought judgment in that amount plus interest from February 12, 2011.

**{¶3}** Appellant filed an answer denying the allegations of the complaint. L&H moved for summary judgment and attached thereto an affidavit by attorney Richard G. Lillie detailing the parties' agreement and the outstanding legal fees. L&H also attached a final billing statement, periodic billing statements provided to appellant during the course of representation, an invoice detailing the services provided with corresponding time computations and two legal services agreements that were never

signed by Dimora. Appellant opposed L&H's motion for summary judgment by denying that an agreement existed between the parties but offered no evidentiary materials in support of that position.

{¶4} The trial court granted summary judgment in favor of L&H and found that, although the parties never executed a formal written agreement for legal services, L&H could recover under a theory of quantum meruit. Based on the documentary evidence submitted by L&H, the trial court granted judgment in the amount of $79,325 plus interest at the rate of three percent from February 12, 2011. Appellant brought this appeal asserting four assignments of error that we address together because each asserts that the trial court erred in granting summary judgment in favor of L&H and that genuine issues of material fact remain.

{¶5} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material

fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶6} The trial court correctly noted that, in the absence of an express contract, an attorney can recover the reasonable value of services rendered on the basis of quantum meruit. *Shearer v. Creekview Broadview Hts. Homeowners' Assn.*, 8th Dist. Cuyahoga No. 94549, 2010-Ohio-5786, ¶ 14, citing *Baer v. Woodruff*, 111 Ohio App.3d 617, 676 N.E.2d 1195 (10th Dist. 1996). The appellant does not challenge the trial court's application of quantum meruit to the facts in this case. Indeed, the record reflects that although a written legal services agreement was never executed by the parties, appellant retained L&H in June 2008 to provide legal services and representation of him in connection with a federal grand jury investigation.[1] Appellant argues that genuine issues of material fact remain as to the reasonableness of legal fees owed to L&H.

{¶7} The evidence in the record indicates that L&H agreed to represent appellant at the rate of $250 per hour in regard to a federal grand jury investigation. After appellant was indicted in *United States v. Dimora,* L&H agreed to represent him at the rate of $300 per hour. For the purposes of this collection action, however, L&H is seeking only the rate of $250 per hour for its legal fees.

---

[1]In addition to attorney Richard G. Lillie's affidavit regarding the inception of L&H's representation of appellant, appellant admitted in a motion to stay the action, filed August 12, 2011, that L&H undertook the representation of appellant in his criminal case on or about June 2008.

**{¶8}** Appellant argues that a genuine issue of material fact exists as to the reasonableness of L&H's rate of $250 per hour. A trial court must determine whether attorney fees are reasonable based upon the actual value of the necessary services performed by the attorney and evidence must exist in support of the court's determination. *Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064,¶ 9, citing *In re Hinko*, 84 Ohio App.3d 89, 95, 616 N.E.2d 515 (8th Dist. 1992). In making that determination, some of the factors to be considered include "(1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel." *Id.*, quoting *Pyle v. Pyle*, 11 Ohio App.3d 31, 35, 463 N.E.2d 98 (8th Dist.1983).

**{¶9}** Rather than referencing the factors cited in *Pyle*, appellant argues that Rule 1.5(a) of the Rules of Professional Conduct should be applied to determine the reasonableness of fees. The factors identified in *Pyle* overlap with the factors in Rule 1.5(a), and the additional factors can be useful in the determination of a reasonable fee. However, we caution that the present action is not a disciplinary action. It is not the duty of this court to impose disciplinary sanctions upon a party for an alleged violation of Rule 1.5(a). The pursuit of such sanctions is the province of disciplinary counsel.

**{¶10}** Although Richard G. Lillie's affidavit avers that the fees sought based on a rate of $250 per hour were reasonable, appellant notes that Lillie has failed to provide specific reasons to support his assertion. Where a client does not make any attempt to

contact the attorney during the tenure of the attorney-client relationship to express dissatisfaction with the legal services rendered or the amount being charged for those services and the attorney kept the client apprised of the status of the client's legal matter, no expert testimony regarding the reasonableness of charged fees is required. *Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064, ¶ 13, citing *Hermann, Cahn & Schneider v. Viny*, 42 Ohio App.3d 132, 537 N.E.2d 236 (8th Dist.1987); *Reminger & Reminger Co., L.P.A. v. Siegel Co., L.P.A.*, 8th Dist. Cuyahoga No. 77712, 2001 Ohio App. LEXIS 760 (Mar. 1, 2001). In such cases, the attorney can testify to the reasonableness of his own fees. *Id.*

{¶11} The record here reflects that L&H, on December 22, 2008, March 13, 2009, February 15, 2010, October 1, 2010, November 8, 2010 and January 12, 2011, sent appellant statements for services rendered. The records also reflect that from July 12, 2008, through November 5, 2010, appellant made twelve payments totaling $24,000 on the account. Because there was absolutely no evidence that appellant at any point expressed dissatisfaction with the fee L&H was charging for the firm's services, Lillie could testify to the reasonableness of his fees. However, Lillie's affidavit offers no evidence consistent with the above *Pyle* factors to support his legal conclusion that his fees are reasonable. Although Lillie was not required to offer independent expert testimony on the issue of a reasonable rate, he was still required to offer evidence consistent with *Pyle*. *Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064, ¶ 9; *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100

Ohio App.3d 313, 653 N.E.2d 1245 (10th Dist.1995). As no such evidence exists in the record we find that the trial court erred in granting summary judgment in favor of L&H on this issue.

{¶12} Furthermore, "attorney fees are not justified merely because the lawyer has charged his professional time and expenses at reasonable rates; a legitimate purpose must also explain why the lawyer spent that time and incurred those costs." *Disciplinary Counsel v. Johnson*, 113 Ohio St.3d 344, 2007-Ohio-2074, 865 N.E.2d 873, ¶ 71. "[I]n an action for attorney fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of work hours devoted to the case rest on the attorney." *Koblentz & Koblentz v. Ferrante*, 8th Dist. Cuyahoga No. 86969, 2006-Ohio-1740, ¶ 24, quoting *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 653 N.E.2d 1245 (10th Dist.1995).

{¶13} During the pendency of this case, the trial court granted appellant an extension of time to respond to plaintiff's renewed motion for summary judgment so that he could depose Richard G. Lillie after Lillie's affidavit and billing entries had been submitted to the court. Despite being provided this opportunity, the defendant failed to depose Lillie. Now, on appeal, appellant scrutinizes the plaintiff's billing entries and raises questions that could, and should, have properly been answered in such a deposition. Appellant questions the legal necessity of various billed activities including hours spent researching, conferring with appellant regarding his criminal case, making phone calls, reviewing and organizing the file and grand jury materials, interviewing

witnesses, and preparing for hearings. In light of appellant's failure to depose Lillie and generate record evidence to contest the legal necessity of these various activities, appellant's present criticism represents completely unsubstantiated speculation and fails to generate genuine issues of material fact.

{¶14} Although appellant failed to offer evidence to create a genuine issues of material fact, we find that the record itself demonstrates two outstanding questions of fact. First, the record is very clear that L&H was engaged to represent appellant in a grand jury investigation and, later, his federal criminal case. However, the submitted billing entries reflect hours expended on a civil matter in February 2010 including the preparation of a "motion to dismiss LPG lawsuit" and research regarding Civ.R. 12(B)(6).[2] Secondly, Richard G. Lillie's affidavit states that L&H's services were terminated on January 12, 2011. However the docket of appellant's federal criminal case, attached to a brief in opposition to protective order filed by L&H on September 16, 2011, reflects that Gretchen Holderman and Richard Lillie, on October 17, 2010, filed a motion to appoint counsel or, in the alternative, to withdraw as counsel in the United States district court. On November 10, 2010, the district court denied this motion subject to additional information. The record reflects that on December 10, 2010, the district court granted a renewed motion to withdraw filed by L&H. The nebulous

---

[2] A complaint was filed on October 14, 2009, by Letter Perfect Group ("LPG") against James Dimora and other parties. The case was dismissed without prejudice on February 12, 2010. L&H were not attorneys of record for Dimora in that case.

termination date of L&H's services raises a genuine issue of material fact as to the firm's billing entries of December 17, 2010, January 5, 2011 and January 12, 2011.

**{¶15}** For these reasons, appellant's assignment of error is sustained, in part, and overruled, in part.

**{¶16}** Although we affirm the trial court's decision to grant summary judgment in favor of L&H on the theory of quantum meruit, we reverse the judgment to the extent of the monetary judgment entered in the firm's favor. Genuine issues of material fact exist as to the rate sought by L&H and the necessity of the specific services noted in this opinion. (To-wit: the billing entries of February 5, 9, 10, 15 and 16 of 2010, the entry of December 17, 2010 and the entries of January 5 and 12 of 2011.)

**{¶17}** Accordingly, we affirm in part, reverse in part and remand for the purpose of conducting a hearing under *Pyle* to determine the reasonableness of the rate charged by appellee and the attorney fees as they relate to the specific billing entries noted above.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
JULIE EDWARDS, J.,* CONCUR

(*Sitting by Assignment:     Judge Julie Edwards, retired, of the Fifth District Court of Appeals.)